PECK v. HAVERSTRAW WATER SUPPLY CO.

(Supreme Court, Special Term, Rockland County.   July 7, 1913.)

Costs (§ 32*)—Successful Party—Counterclaim.
    Code Civ. Proc. § 3228, gives the plaintiff costs as of course upon final judgment for him in an action to recover realty.   Section 503 provides that, where a counterclaim is established which equals plaintiff's demand, the judgment must be for defendant, and section 3229 entitles defendant to costs as of course upon rendering final judgment in an action specified in section 3228, unless the plaintiff is entitled to costs as therein prescribed.   Held, that upon rendering judgment for plaintiff for realty, with six cents damages for unlawful detainer, and for defendant for six cents damages upon his counterclaim for unlawful interference with an easement, defendant was not entitled to costs against plaintiff.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

Action by one Peck against the Haverstraw Water Supply Company, in which defendant counterclaimed.   Judgment for plaintiff and for defendant on its counterclaim, and plaintiff moves to modify the judgment by eliminating a provision therein awarding costs to defendant.   Motion allowed, and judgment modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hon. A. H. F. Seeger, of Newburgh, for plaintiff.
Martin A. Driscoll, of New York City, for defendant.

TOMPKINS, J. The plaintiff brought this action to recover possession of the real property described in the complaint, and for damages for the withholding of the same by the defendant. The answer set up a counterclaim for $1,500 damages for unlawful interference with its easement to maintain water mains in the public highway adjacent to the said premises, which the plaintiff sought to recover. At the trial a verdict was rendered in favor of the plaintiff, awarding him the possession of the property described in the complaint, and for six cents damages for the unlawful withholding of the same by the defendant, and a verdict was also rendered in favor of the defendant against the plaintiff upon the said counterclaim for the sum of six cents damages. Both parties have entered judgment in accordance with the verdict; the defendant including in its judgment a full bill of costs against the plaintiff, which have been taxed by the county clerk.

[1] This is a motion made by the plaintiff to modify the judgment entered in the defendant's favor against the plaintiff by striking therefrom the provision for costs; and the question now presented is whether the defendant, having recovered a verdict for six cents damages against the plaintiff, upon its said counterclaim, is entitled to tax and include in the judgment a bill of costs against the plaintiff.

The plaintiff, having succeeded in the action which was to recover real property, is entitled under subdivision 1 of section 3228 of the Code to costs against the defendant as a matter of right; and section 503 of the Code, which provides that "where a counterclaim is established, which equals the plaintiff's demand, the judgment must be in favor of the defendant, does not give defendant a right to costs, because the counterclaim established by the defendant did not equal the plaintiff's demand, that having been not only for damages, but for the recovery and possession of the real property. The defendant's recovery was for six cents damages only, and did not equal the plaintiff's demand, nor did it equal the verdict awarded to the plaintiff, which was for the recovery of the land, as well as for damages.

Section 3229 of the Code provides that the defendant is entitled to costs as a matter of course, upon the rendering of a final judgment in an action specified in section 3228, unless the plaintiff is entitled to costs as therein prescribed, and the plaintiff in this action being entitled to costs, under subdivision 1 of section 3228, it follows that the defendant cannot have costs against the plaintiff.

Section 3234 provides:

"In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party."

Under that section, the defendant is not entitled to costs, for the reason that the complaint did not set "forth separately two or more

causes of action, upon which issues of fact are joined." Here there was only one cause of action, upon which the plaintiff recovered against the defendant, which, under subdivision 1 of section 3228, entitles him to costs against the defendant.

I can find no authority for costs in favor of the defendant against the plaintiff. It follows, therefore, that the plaintiff is entitled to have the defendant's costs retaxed and disallowed, and the judgment modified by striking therefrom the award of costs against the plaintiff.